**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANN WINDHAM TILLER, etc.,

        Plaintiff,

vs.                                          Case No. 3:03-cv-489-J-32HTS

FORD MOTOR COMPANY, etc.,

        Defendant.

## ORDER

This case is before the Court on defendant's motions for partial summary judgment related to the recovery of damages by the decedent's adult children (Doc. 35) and the availability of punitive damages (Doc. 36). Plaintiff filed responses (Docs. 42 & 44). Plaintiff concedes that under Florida law the decedent's adult children would not, in this case, be entitled to damages and plaintiff therefore dismisses any claim on behalf of the decedent's adult children. The Court will therefore find that motion (Doc. 35) to be **MOOT**.

As for defendant's motion for partial summary judgment on plaintiff's claim for punitive damages (Doc. 36), for several reasons, the Court finds this matter is not ripe for adjudication. First, defendant claims that plaintiff's only evidence of actions to support a claim for punitive damages comes from the expert report of Larry Bihlmeyer, whose opinion defendant claims is due to be excluded. However, the parties were recently granted leave to conduct some additional discovery which will include continuing the deposition of Mr. Bihlmeyer. The deadline for filing *Daubert* motions is now set for October 18, 2005- - thus, the issue of the admissibility of Mr. Bihlmeyer's opinion will not be ripe for consideration for

several months.  Second, plaintiff claims that the additional discovery the parties are undertaking may reveal that she has a design defect claim (either instead of or in addition to a manufacturing defect claim).  If true, this may change the proof needed to prosecute plaintiff's claim for punitive damages.  Finally, defendant raises a close question regarding whether Michigan or Florida law should be applied to this claim.  Given the authorities cited by both parties, and because the other grounds raised are not ripe at this time, it seems the best course is for the Court to defer consideration of this question as well until the motion is fully ripe and the Court will then be able to consider the most recent authorities available at the time.  The Court will therefore terminate defendant's motion for partial summary judgment on plaintiff's claim for punitive damages (Doc. 36) without prejudice to renewal.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Partial Summary Judgment (Doc. 35) is **MOOT**.

2. Defendant's Motion for Partial Summary Judgment (Doc. 36) is **TERMINATED** without prejudice to renewal.  The deadline for renewing this or any other dispositive motion will be the same as for the filing of *Daubert* motions which, by separate Order, is being reset for October 18, 2005.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of June, 2005.

s.
Copies:
counsel of record

TIMOTHY J. CORRIGAN
United States District Judge