UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ANN WINDHAM TILLER, etc.,

      Plaintiff,

vs.                                    CASE NO. 3:03-cv-489-J-32HTS

FORD MOTOR COMPANY, a foreign
corporation,

      Defendant.

_____

<u>O R D E R</u>

This cause is before the Court on the following matters:

1. The Motion for Relief from "Stipulated Sharing Confidentiality Protective Order" (Doc. #66; Motion for Relief). Defendant Opposes the Motion for Relief. Ford's Memorandum in Opposition to Plaintiff's "Motion for Relief from 'Stipulated Sharing Confidentiality Protective Order'" (Doc. #71; Opposition). To the extent Plaintiff seeks relief "from the obligations of" a protective order entered by another court, Motion for Relief at 10, and has petitioned that court as well for such relief, *see* Opposition at 5 and Exhibit A, the Motion for Relief is **DENIED** without prejudice to the filing of a further motion, if appropriate, subsequent to that court's ruling.

2. In view of paragraph 1, Ford's Request for Oral Argument Regarding Ford's Memorandum in Opposition to Plaintiff's "Motion

for Relief from 'Stipulated Sharing Confidentiality Protective Order'" (Doc. #72) is **DENIED** as **MOOT**.

3. Defendant Ford Motor Company's Motion for Protective Order Regarding Untimely Discovery Requests (Doc. #68; Motion). The Motion is opposed. Plaintiff's Response to Defendant's Motion for Protective Order (Doc. #70; Response).

On January 20, 2005, the Court extended discovery until June 1, 2005, for certain limited purposes. *See* Third Agreed Amended Case Management and Scheduling Order (Doc. #49; Third Order). Subsequently, Plaintiff's Verified Motion for a Continuance to Re-Open Discovery Based on Newly Discovered Evidence (Doc. #50; Verified Motion) was granted. Order (Doc. #59; Fourth Order) at 1 (resetting the close of discovery for August 19, 2005; *see also* Fourth Amended Case Management and Scheduling Order (Doc. #62; Fourth CMSO) at 1. The Court is now called upon to determine whether the scope of reopened discovery encompasses that propounded by Plaintiff.

Defendant seeks protection against items "unrelated to the roof bow design change issue that Plaintiff presented to the Court as good cause for reopening discovery." Motion at 3. Plaintiff contends "the Court specifically did not limit discovery to the roof bow issue because the Court was unsure of the evidence required . . . to prove a design defect." Response at 2. She further asserts her efforts are focused on "determin[ing] the truth of how this roof structure was actually designed, and why it failed resulting in the death of her husband." *Id.* at 5.

- 2 -

The language employed by the Fourth Order is unconditional, whereas in the Third Order discovery had been explicitly limited. *See also* Fourth CMSO.  This suggests that had the reopening of discovery been restricted in scope such would be reflected in the Fourth Order.  Further, the transcript of the hearing held on the Verified Motion reveals the intended scope of reopened discovery was not a matter overlooked or ignored.  *See, e.g.*, Transcript of Telephonic Motion Hearing Before the Honorable Timothy J. Corrigan, United States District Judge (Doc. #60) at 13, 19.

On the other hand, Judge Corrigan clearly indicated at the hearing he was "not trying to open up the case in its entirety" and he would be amenable to complaints if someone unfairly tried "to go back and reinvent wheels[.]"  *Id.* at 22.  Moreover, the Verified Motion only requested permission to take additional discovery relating to the roof of the vehicle at issue.  Verified Motion at 2 ("ask[ing] to re-open discovery so that Plaintiff may . . . obtain[] documents and testimony[] regarding the changes in order to determine the reason why this particular vehicle does not match the specifications previously provided by the Defendant"), 6 ("to conduct discovery regarding the missing roof components"), 7 ("Plaintiff . . . requests this Honorable Court re-open discovery on the issue of the roof assembly[.]").  Thus, the granting of the Verified Motion should not be interpreted to afford Plaintiff discovery opportunities far beyond those sought therein.  Plaintiff will not be permitted to pursue additional discovery unrelated to the roof design issue.

Although Ms. Tiller claims generically that the new discovery concerns the roof structure, she does not explain the alleged connection.  The Court has examined the discovery, attached as exhibits to the Motion, and some of it appears to be unjustified. Upon consideration, the Motion (Doc. #68) is **GRANTED** to the following extent:

A.   Defendant need not respond to the request for admissions attached as Exhibit 1 to the Motion.

B.   Statistical evidence sought by Plaintiff's 14th Request for Production to Defendant, attached as Exhibit 3 to the Motion, and the 6th Interrogatories, attached as Exhibit 4 to the Motion, *see also* Exhibit 9 to the Motion, must be provided only to the extent it bears upon the structure, design, or function of vehicle roofs.

C.   Any further depositions taken by Plaintiff shall be conducted in view of the proper scope of ongoing discovery as discussed in this Order.

D.   The propriety of Plaintiff's designation of additional expert witnesses will be addressed in the Court's ruling on Defendant Ford Motor Company's, Motion to Strike Plaintiff's Amended Expert Witnesses (Doc. #74).

Otherwise, the Motion is **DENIED.** Defendant shall immediately, and in any event not later than August 8, 2005, produce all documents and information as to which protection has not been afforded.

- 4 -

4.   The Motion to Compel Answers to Plaintiff's Fifth Interrogatories to Defendant Ford Motor Company (Doc. #73), which in view of paragraph 3 is rendered **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of August, 2005.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
  and pro se parties, if any