**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANN WINDHAM TILLER, etc.,

    Plaintiff,

vs.                                CASE NO. 3:03-cv-489-J-32HTS

FORD MOTOR COMPANY, a foreign corporation,

    Defendant.

_____

**O R D E R**

This cause is before the Court on Defendant Ford Motor Company's Motion to Strike Plaintiff's Amended Expert Witnesses (Doc. #74; Motion). The Motion is opposed. Plaintiff's Response to Defendant's Motion to Strike Experts (Doc. #76; Response).

Defendant objects to the addition of three newly designated experts, Steven Meyer, Allan J. Kam, and Ronald Wright, M.D. *See* Motion at 5. It requests the associated disclosure be stricken "because [it] is untimely, outside the scope of the discovery extension, and did not include written reports[.]" *Id.* at 10. Ms. Tiller asserts these experts "have opinions which a jury should consider in determining whether the roof structure design was safe and . . . whether the crushed roof contributed to the decedent's death." Response at 2. However, the Response does not provide further details as to their anticipated testimony.

After reviewing the case file as it relates to the reopening of discovery based on new information, the Court determined Plaintiff could not "pursue additional discovery unrelated to the roof design issue." Order (Doc. #77) at 3; *see also id.* at 4 (statistical evidence must be provided only to the extent it "bears upon the structure, design, or function of vehicle roofs"). Likewise, for the designation of additional expert witnesses to be justified solely by the most recent extension of deadlines, the testimony of such witnesses would need to relate in some way to potentially defective roof design.

Plaintiff's Amended Expert Disclosures (Amended Disclosures), attached to the Motion as Exhibit E, state Mr. Meyer would testify as to the results of drop testing and an occupant restraint system. Amended Disclosures at 2-3. Mr. Kam is expected to provide testimony about "safety standards concerning restraints and roof crush and/or the absence of any rollover standard." *Id.* at 3. Dr. Wright, on the other hand, "is expected to testify concerning the cause and mechanism of Clark Eberhardt Tiller's death[.]" *Id.*

Given the description of anticipated testimony set out in the Amended Disclosures, it appears likely the experts at issue are sources of information bearing upon roof design and/or whether a defective roof design contributed to Mr. Tiller's death. Accordingly, the Amended Disclosures will not be stricken as untimely (because beyond the scope of extended discovery). Further, the Motion's argument the disclosures should be stricken for failure to include reports is unpersuasive since expert reports were not due until after the Motion's filing. *See* Fourth Amended

Case Management and Scheduling Order (Doc. #62; Fourth Scheduling Order) at 1.

In light of the foregoing, the Motion (Doc. #74) is **DENIED**. The unelaborated request therein for leave to file a supplemental expert disclosure, Motion at 10, may be made by way of a separate motion, if necessary.  See Fourth Scheduling Order at 1 (reports "by either party" not yet due at time Motion filed).

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of August, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
  and pro se parties, if any