UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANN WINDHAM TILLER, etc.,

    Plaintiff,

vs.                            CASE NO. 3:03-cv-489-J-32HTS

FORD MOTOR COMPANY, a foreign
corporation,

    Defendant.

_____

**O R D E R**

    This cause is before the Court on the Defendant's Emergency Motion for Reconsideration (Doc. #106; Emergency Motion), filed on September 23, 2005. According to Defendant, since one of Plaintiff's experts, Larry Bihlmeyer, has "opine[d] that it was a good engineering decision to remove the roof bows, . . . it is no longer in dispute whether the absence of roof bows raised any additional defect allegations." Emergency Motion at 7.

    Even accepting Defendant's description of the scope of reopened discovery as accurate, its argument is not persuasive. The existence of evidence supporting one party's position does not, *per se*, render an issue legally beyond dispute. Plaintiff may be able to evince other evidence bearing upon the matter. Ford is free, of course, to bring a dispositive motion and attempt to

establish there is no genuine issue of material fact as to the design defect claim. For the Court abruptly to close discovery based on one excerpted opinion, though, would be inappropriate.

Further, Defendant's characterization of Mr. Bihlmeyer's testimony is perhaps mistaken. The portions of the deposition quoted in the Emergency Motion seem to show that, rather than calling the removal of roof bows a good decision, the expert opined the action "took an unsafe design and made it the same or even less safe[.]" *Id.* at 4. (Only if viewed "under a very narrow focus" does he think the removal could be considered other than a poor decision.). As for the question whether the design with the bows removed was a defective one, the expert appears to believe strongly that it was. *See id.* Since the reopening of discovery entitled Plaintiff to investigate whether the redesigned roof structure was defective and in what precise way, the expert's testimony is of the sort contemplated.

Therefore, it is

**ORDERED:**

The Emergency Motion (Doc. #106) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of September, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
  and pro se parties, if any