UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANN WINDHAM TILLER, etc.,

      Plaintiff,

vs.                                        CASE NO. 3:03-cv-489-J-32HTS

FORD MOTOR COMPANY, a foreign
corporation,

      Defendant.

## O R D E R

This cause is before the Court on the Motion to Compel Compliance with Notices of Deposition Duces Tecum Regarding Defendant's Expert Witnesses (Doc. #152; Motion). The Motion is Opposed. *See* Ford Motor Company's Response to Plaintiff's Motion to Compel Compliance with Notices of Deposition Duces Tecum Regarding Defendant's Expert Witnesses (Doc. #157; Opposition).

Plaintiff asks the Court to compel Defendant's experts to provide documentation "indicating how much money Defendant Ford has paid each year for the past five years to [them] or [their] companies] on any and all other cases." Motion at 1 (internal quotation marks omitted). While Defendant does not raise the issue of untimeliness, it is noted discovery is closed and the completion of expert depositions was to have been accomplished by September 16, 2005. Fourth Amended Case Management and Scheduling Order (Doc. #62).

Ford Motor Company (Ford) opposes the Motion in part because, it claims, "Plaintiff is now attempting to seek production of documents not previously permitted by this Court." Opposition at 7 (referring to Order (Doc. #77; Order)). Defendant contends the Motion to Compel Answers to Plaintiff's Fifth Interrogatories to Defendant Ford Motor Company (Doc. #73; Motion to Compel) "regarding amounts paid by Ford to each of its experts" was denied "as moot because the Court ruled only discovery related to the roof bow issue would be permissible." Opposition at 7. This is a mischaracterization of the Court's prior ruling. On June 23, 2005, Ford moved for a protective order covering, *inter alia*, "interrogatories asking to identify the amounts paid by Ford to its experts." Defendant Ford Motor Company's Motion for Protective Order Regarding Untimely Discovery Requests (Doc. #68; Motion for Protective Order) at 3. This portion of the Motion for Protective Order was denied and Ford was ordered to "produce all documents and information as to which protection has not been afforded." Order at 4. Clearly, then, the Motion to Compel was rendered moot simply because the relief it sought had been granted.

Moreover, Defendant represents Ms. Tiller has been "afforded the opportunity to depose . . . Ford's experts . . . and was allowed to ask questions (and did) regarding . . . the amount of money Ford has paid the expert over the last five years[.]" Opposition at 6. Since Ford apparently is agreeable to its experts testifying about the facts of concern in the Motion, it is difficult to discern why a request to be shown the documents supporting such testimony would provoke objection. Defendant's

suggestion the information is itself confidential, *see, e.g., id.* at 2-3, and its observation "[m]ost people are sensitive about their incomes[,]" *id.* at 4, seem beside the point.[1]

Accordingly, upon due consideration, the Motion (Doc. #152) is **GRANTED** to the extent the records at issue, whether in the custody, control or possession of Defendant or its experts, shall be produced for Plaintiff's inspection on or before January 9, 2006.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of January, 2006.

    /s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
  and pro se parties, if any

---

[1] The Court does not reach Defendant's request, contained in the Opposition at 3 and 8, that reciprocal discovery be compelled. It is neither embodied in a proper motion nor apparently related to discovery instruments actually propounded.

- 3 -